## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 0:20-cv-2374-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Al Cannon; Al Cannon County Jail | ) | |
| Staff & Officers Names Unknown; | ) | |
| Carolina Center for Occupational | ) | |
| Health, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 23, 2020, Plaintiff Jerome Curry, a state pretrial detainee proceeding *pro se*, brought this action under 42 U.S.C. § 1983 (ECF No. 1) and sought to proceed in forma pauperis under 28 U.S.C. §§ 1915 and 1915A. (ECF No. 2). Plaintiff originally named two Defendants in this action: Al Cannon County Jail and Carolina Center for Occupational Health. (ECF No. 1). Plaintiff alleged that during his confinement at the Al Cannon Detention Center, he was deprived of his rights under the Constitution and federal law when he was denied, among other things, access to a shower, medical and mental health treatment, use of a phone, recreation time, and his legal papers. *Id*. at 5–6. Plaintiff further claimed he was impermissibly placed in lockdown, forced to eat in his cell without explanation and forced to sleep

on the floor without a mat. *Id.* at 7–10. Plaintiff seeks monetary damages, both compensatory and punitive, and seeks to be transferred to a different facility. *Id*. at 12.

The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On August 4, 2020, the magistrate judge issued an order advising Plaintiff that his action was subject to summary dismissal unless he amended the complaint to cure various deficiencies identified in the order. (ECF No. 9). The magistrate judge noted that the Defendant Al Cannon County Jail "is not a 'person' amendable to suit under § 1983 because it is an inanimate facility and not a person" and that "a defendant in a § 1983 action must qualify as a 'person.'" *Id*. at 3. The magistrate judge also concluded that Plaintiff failed "to plausibly allege that Defendant Carolina Center of Occupational Health violated his rights" because he did not plead "any facts indicating that a policy or custom of the Carolina Center of Occupational Health caused the purported constitutional deprivations." *Id*. at 4. Accordingly, the magistrate judge advised Plaintiff that the claims against the Defendants were "subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted." *Id*. The magistrate judge granted Plaintiff twenty-one days from the date of the order, plus three days to allow for mail, to file an amended complaint correcting the deficiencies. *Id.* at 4–5. The order warned

Plaintiff that the failure to do so would result in a recommendation for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A. *Id*. at 5.

On August 12, 2020, Plaintiff filed an amended complaint which named Sheriff Al Cannon as a Defendant, both individually and in his official capacity, as well as Al Cannon County Jail "staff & officers names unknown." (ECF No. 11 at 2). The amended complaint no longer named the Al Cannon County Jail as a defendant but continued to name Carolina Center for Occupational Health as a defendant. *Id*. at 3. The amended complaint asserted essentially the same factual allegations made by the original complaint.

On September 10, 2020, the magistrate judge issued a Report and Recommendation (the "Report") finding that the amended complaint "still fails to state a viable claim and should be summarily dismissed without prejudice and issuance of service of process." (ECF No. 15 at 1). The magistrate judge noted that the amended complaint did not add "any facts that would cure the deficiencies in Plaintiff's claim against Defendant Carolina Center for Occupational Health." *Id*. at 2. With respect to Defendants Cannon and the unnamed staff and officers, the magistrate judge found that the amended complaint "fails to provide any facts about them to show how they are involved in this matter or how they violated Plaintiff's rights." *Id*. Accordingly, the magistrate judge concluded that the amended complaint fails to state a claim upon which relief may be granted as to any of the defendants

3

and recommended the court summarily dismiss this action without prejudice and issuance and service of process. *Id*. at 3. On September 11, 2020, the Report was sent via United States mail to Plaintiff at the address he has provided the court. (ECF No. 16). The Report has not been returned as undeliverable. Plaintiff was advised of his right to file specific written objections to the Report and of the consequences of failing to do so. (ECF No. 15 at 4). Plaintiff did not file objections to the Report, and the time for doing so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v.*

*Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's conclusions and recommendations in the Report (ECF No. 15), which are incorporated herein by reference. Therefore, this case is **DISMISSED without prejudice** and without issuance and service of process.

Additionally, as the magistrate judge noted, the disposition of this action will constitute a "strike" as a result of Plaintiff's failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 27, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.